# Exhibit 5

|  |  |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Case No. : 25-420 |

# DECLARATION OF MATTHEW S. BIGGS

I, Matthew S. Biggs, declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts in this declaration.

2. I am the President of the International Federation of Professional and Technical Engineers ("IFPTE"). IFPTE is an international labor organization and unincorporated membership association headquartered in Washington, D.C.

3. IFPTE that represents approximately 34,000 federal employees, of which over 7,000 of which are dues-paying members from various agencies within the federal government.

4. As a labor union, IFPTE provides representation, information, and legislative advocacy for individual federal employees and represented units regarding terms and conditions of employment. This includes assistance of local affiliates with negotiating collective bargaining agreements, filing grievances and unfair labor practice charges, and other actions dealing with various federal agencies, including the Federal Labor Relations Authority, the Merit Systems Protection Board, and the Office of Special Counsel.

IFPTE also advocates to Congress and in the media on issues of importance to federal workers, their families, retirees, and to veterans.

5. IFPTE's operations are primarily funded by members who pay dues to become members of the union. IFPTE will be significantly financially harmed by losing dues paying members who are fired for the sole reason of being nonessential or probationary. IFPTE currently has no mechanism to maintain membership of union members who leave federal service.

6. IFPTE currently has over one thousand dues paying members who would be considered nonessential during a lapse of appropriations within the U.S. Army Corps of Engineers, the National Aeronautics and Space Administration, the Environmental Protection Agency, the National Oceanic and Atmospheric Administration.

7. IFPTE has dues paying members who are probationary employees working in Pearl Harbor Naval Shipyard; Naval Surface Warfare Center, Philadelphia Division; the National Aeronautics and Space Administration; and possibly other federal sector locals. Of IFPTE's approximately 7,000 dues paying members, we know of at least approximately one hundred probationers and expect to learn of more.

8. IFPTE will be financially harmed if all employees previously designated as nonessential during a lapse in appropriations are terminated in addition to a significant number of employees who work in agency components in the federal sector that, in the current climate, it is reasonable to believe might be suspended or closed at some point soon in time. In the event of mass terminations and/or layoffs, IFPTE would immediately lose tens of thousands of dollars in revenue, adding up to hundreds of thousands lost annually.

9. IFPTE's ability to carry out its mission on behalf of all of its members will be severely curtailed if these significant numbers of members are severed from the federal service en masse and as such no longer pay membership dues to IFPTE. For example, IFPTE would be unable to maintain current staff levels and thus levels of service to its remaining membership for grievance representation, collective bargaining agreement negotiations, advocacy to Congress, legal assistance including litigation and advice, and other representation.

10. Pursuant to the federal union structure, federal sector IFPTE members pay dues voluntarily and there is no mechanism for IFPTE to collect dues for any period of time that federal employees are not in the federal service. For example, if IFPTE employees were terminated due to a reduction-in-force and then rehired, IFPTE would lose the dues

for the period that the employee was not working in the federal service and would not have a way to recoup back dues.

11. I am aware of and can identify individual IFPTE members who have opted into the OPM's so-called deferred resignation program and will leave the federal service pursuant to the terms of that program by September 30, 2025. IFPTE will lose the dues revenue from those federal employee members who opted in as they will no longer be in the bargaining unit and in federal service after September 30, 2025.

12. I and IFPTE staff and leadership have heard from IFPTE members who are deeply concerned about IFPTE losing strength and bargaining power due to diminished membership numbers and smaller bargaining units. IFPTE leverages its membership strength within various agencies when advocating to Congress and to the public, and when our local affiliates bargain with federal agencies. The Executive actions of the deferred resignation program and the mass terminations of probationary employees are sure to reduce IFPTE's size and capacity and as such, to shrink our power and advocacy on behalf of federal workers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: February 14, 2025

Matthew S. Biggs