IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) No. 1:25-cv-00420 (CRC) |
| v. | ) ) ) |
| DONALD J. TRUMP, *et al.*, | ) ) ) ) |
| Defendants. | ) |

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs file this reply to Defendants' Opposition to Plaintiffs' Motion to Amend (Def. Opp.). As explained below, Defendants have failed to carry their burden[1] of showing why Plaintiff's motion should be denied on grounds of either undue delay or futility.

### A.  Plaintiffs have not unduly delayed in seeking leave from the Court.

Defendants first argued that Plaintiffs filed their complaint too soon.[2] Now they complain that Plaintiffs have filed their amended complaint too late. Neither allegation is true.

---

[1] *See Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297, 299 (D.D.C. 2019) ("the non-movant generally carries the burden in persuading the court to deny leave to amend") (quoting *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004)).

[2] *See* Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order (Feb. 17, 2025), Dkt. 14 at 17 (arguing that Plaintiffs' claims are not ripe because "it is far from clear that any of the alleged violations will ever come to pass, as Plaintiffs cite no examples of agencies having initiated RIFs yet").

1

Plaintiffs seek leave to file this amended complaint less than four months since this case began. Courts routinely grant leave to amend when it is sought so promptly. *See Silver v. IRS*, 2025 U.S. Dist. LEXIS 32599 at *12 (D.D.C. Feb. 5, 2025) (motion for leave not untimely although four years had passed between the filing of the complaint and the motion); *Geter v. United States Gov't Publ. Office,* 268 F. Supp. 3d 34, 45 (D.D.C. 2017) (no prejudice and leave to amend granted when the case "is still in its initial stages with no discovery having been undertaken"); *Ghawanmeh v. Islamic Saudi Acad.,* 268 F.R.D. 108, 110 (D.D.C. 2010) (motion for leave was not untimely and was granted when filed a month after court ruled on motion to dismiss). *Cf. Mittleman v. United States*, 997 F. Supp. 1, 10 (D.D.C. 1998) (denying plaintiff's motion to file an amended complaint in part because the motion was made ten years after the filing of the original complaint).

Even Defendants acknowledge that many of the facts that Plaintiffs raise in the proposed Second Amended Complaint occurred only weeks ago. *See* Def. Opp. at 14 (allegations about HHS RIFs range from "seven weeks old"; allegations about probationary employees range from "three weeks old"; allegations about the deferred resignation program are over "a month old"). In light of these recently occurring facts, Plaintiffs did not delay in filing its motion with this Court.

### B.  Plaintiffs' motion is not futile.

Defendants argue that leave to amend should be denied because Plaintiffs' claims will eventually be dismissed. Such arguments are "better raised in a motion

to dismiss than in opposing a motion to amend." *Garza v. Trump,* 2023 U.S. Dist. LEXIS 237028 at *4 (D.D.C. Oct. 18, 2023).

Defendants do not dispute that they have moved to dismiss plaintiffs' claims for lack of standing because plaintiffs' injuries are allegedly not "concrete." Defendants' Memorandum in Support of Motion to Dismiss at 17, Dkt. 41-1 (May 15, 2025). Plaintiffs' allegations in the Second Amended Complaint regarding reductions-in-force and other firings that have occurred since the complaint was filed directly address this point. Those allegations, therefore, are not futile.

Also, as Plaintiffs explained in their initial motion, at page 4, and will explain at more length in motion to dismiss briefing, the legal landscape on the channeling doctrine is changing. *See Nat'l Ass'n of Immigr. Judges v. Owen*, 2025 U.S. App. LEXIS 13487 at *3 (4th Cir. June 3, 2025) (remanding challenge to federal employee policy to the district court to consider "whether the text, structure, and purpose of the Civil Service Reform Act has been so undermined that the jurisdiction stripping scheme no longer controls"). This Court should have an up-to-date complaint when it addresses Defendants' channeling arguments—arguments that the currently evolving channeling case law will inform.

### C. Defendants fail to show they will be prejudiced if the Court grants Plaintiffs' motion.

"The most important factor the Court must consider when deciding whether to grant a motion for leave to amend is the possibility of prejudice to the opposing party." *Gatling v. Jubilee Hous., Inc.,* 2022 U.S. Dist. LEXIS 14271 at *4 (D.D.C. Jan. 26, 2022) (citing *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006)).

The only prejudice Defendants claim here is that Plaintiffs' motion "unnecessarily complicates matters and delays adjudication of the argument advanced in Defendants' motion." Def. Opp. at 14. But Defendants also argue that Plaintiffs are merely restating the same facts and claims as raised previously. *See* Def. Opp. at 7 (arguing that Plaintiffs' new Inflation Reduction Act claim "add[s] no new factual allegations" and "restat[es] the same facts nearly verbatim"); *id.* at 9 (arguing that Plaintiffs "are still fundamentally making the same claims" as those raised in the original complaint, notwithstanding their new Administrative Procedure Act claims). If Defendants really believe that, then it will not be difficult for Defendants to revise their motion to dismiss and allowing amendment will not "unnecessarily complicate[] matters" or unduly delay adjudication of this important case.

## CONCLUSION

For the foregoing reasons and those stated in their motion, this Court should allow Plaintiffs to amend their complaint.

Respectfully submitted,

<u>/s/ Julie M. Wilson</u>
JULIE M. WILSON
General Counsel
D.C. Bar No. 482946

<u>/s/ Paras N. Shah</u>
PARAS N. SHAH
Deputy General Counsel
D.C. Bar No. 983881

<u>/s/ Allison C. Giles</u>
ALLISON C. GILES
Assistant Counsel
D.C. Bar No. 439705

<u>/s/ Jessica Horne</u>
JESSICA HORNE
Assistant Counsel
D.C. Bar No. 1029732

NATIONAL TREASURY
EMPLOYEES UNION
800 K Street, N.W., Suite 1000
Washington, D.C. 20001
Tel: (202) 572-5500
Fax: (202) 572-5645
julie.wilson@nteu.org
paras.shah@nteu.org
allie.giles@nteu.org
jessica.horne@nteu.org

Attorneys for Plaintiff NTEU

/s/ Yvette M. Piacsek
YVETTE M. PIACSEK
General Counsel
D.C. Bar No. 980302

NATIONAL FEDERATION OF FEDERAL
EMPLOYEES, IAM, AFL-CIO
1225 New York Avenue N.W., Suite 450
Washington, D.C. 20005
Tel: 202-216-4428
ypiacsek@nffe.org

Attorney for Plaintiff NFFE


/s/ Carla M. Siegel
CARLA M. SIEGEL
General Counsel
D.C. Bar No. 449953

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, AFL-CIO
9000 Machinists Place
Upper Marlboro, MD 20772
Tel: 301-967-4510
csiegel@iamaw.org

Attorney for Plaintiff IAM

|  |  |
|---|---|
|  | /s/ Teresa Ellis<br>TERESA ELLIS (admission pending)<br>General Counsel<br>D.C. Bar No. 495855<br><br>INTERNATIONAL FEDERATION OF<br>PROFESSIONAL & TECHNICAL<br>ENGINEERS, AFL-CIO<br>513 C Street N.E.<br>Washington, D.C. 20002<br>Tel: (202) 239-4880<br>tellis@ifpte.org |
| June 5, 2025 | Attorney for Plaintiff IFPTE |